UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WINDMILL DISTRIBUTING COMPANY, L.P.** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL NO. |
| : | 3:09-cv-40 (VLB) |
| **HARTFORD FIRE INSURANCE COMPANY,** : | |
|     Defendant, : | February 21, 2013 |
| : | |

### ORDER DENYING DEFENDANT'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS [Dkt.# 59]

Before the Court is Defendant's, Hartford Fire Insurance Company (the "Hartford") renewed motion for attorney's fees and costs. The Defendant seeks an award of attorney's fee and other related nontaxable costs and expenses in the amount of $216,706.27 incurred in its successful defense of the claims that Plaintiff asserted in the underlying action involving the enforcement of a Claim Agreement between the parties. The Defendant contends it is entitled to attorney's fees and costs based on a fee shifting provision contained in the Claim Agreement that was the basis of the underlying action. For the foregoing reasons, the Court denies the Defendant's motion for attorney's fees and costs.

### Background

The Plaintiff, Windmill Distributing Company, L.P., ("Windmill") brought this action alleging that the Defendant breached its duty under the Plaintiff's insurance policy to defend the Plaintiff in good faith against an underlying suit for damages that arose out of a traffic accident. [Dkt.#1, Compl.]. The Plaintiff also

1

alleged that the Defendant settled the underlying suit in bad faith.  *Id.*  The parties filed cross motions for summary judgment.  See [Dkt. ##27, 35].   The Court granted Defendant's motion for summary judgment and denied Plaintiff's cross motion for summary judgment.   See [Dkt. #42].

In their respective motions for summary judgment, both parties sought attorney's fees and costs on the basis of a provision in the Claim Agreement, which provided: "In any litigation or arbitration between the parties, the prevailing party shall be entitled to reasonable attorney's fees and all costs of proceeding incurred in enforcing this Agreement."  [Dkt. #59, Ex. D, Section IX(I)].  In the Court's decision on summary judgment, the Court did not address either party's request for attorney's fees and costs.  [Dkt. #42].

On September 27, 2010, judgment was entered in favor of Defendant.  [Dkt. #43].  On October 8, 2010, the Defendant filed a motion for attorney's fees and costs.   [Dkt. #44].  On October 20, 2010, the Plaintiff filed its notice of appeal.  [Dkt. #48].   In light of the appeal, the Court denied the motion for attorney's fee as moot.  [Dkt. #53].  The Second Circuit affirmed the Court's order on the cross-motions for summary judgment.  On February 2, 2012, the Court ordered the Defendant to renew its motion for attorney's fee in light of the Second Circuit's recent affirmation of the Court's order on summary judgment.  [Dkt. #56].   On February 16, 2012, the mandate of the Second Circuit was filed on the Court's docket.  [Dkt. #58].  On March 3, 2012, the Defendant filed its renewed motion for attorney's fee and costs, which is pending before the Court.  [Dkt. #59].

**Analysis**

**The Plaintiff makes two preliminary arguments as to why Defendant's motion should be denied. First, the Plaintiff argues that the Defendant's renewed motion is untimely under Fed. R. Civ. P. 54(d)(2)(A), which states that the motion be filed no later than 14 days after entry of judgment. Plaintiff argues that Defendant was required to file its renewed motion within 14 days after the Court's order directing Defendant to renew its motion. However, the Court finds that the requirement under Fed. R. Civ. P. 54(d)(2)(A) was met because Defendant filed its original motion within 14 days of the entry of judgment and that the 14 day deadline does not apply to the Court's order directing the Defendant to renew the motion after the Second Circuit mandate was issued.   Moreover, the Court did not specify a date upon which Defendant's renewed motion was due and to the extent that the 14 day deadline is applicable in the context of a renewed motion, the Defendants filed its renewed motion within 14 days of the Second Circuit's mandate.**

**Second, the Plaintiff argues that the Court has already denied the Defendant's request for attorney's fees in its decision on summary judgment by failing to address Defendant's request for fees. The Plaintiff's argument is in part premised on Defendant's claim that the Court's ruling in its favor on summary judgment extended to its request for fees. However the fact that the Court did not address the issue of attorney's fees in its decision on summary judgment is only evidence that the Court did not take the issue under consideration. The Court will**

3

now examine for the first time the propriety of Defendant's motion for attorney's fees and costs.

"In diversity cases, attorney's fees are considered substantive and are controlled by state law." *Bristol Tech., Inc. v. Microsoft Corp.,* 127 F.Supp.2d 64, 66 (D.Conn.2000) (citations omitted).  "Connecticut follows the common law 'American' rule in assessing the award of attorney's fees.  Under the 'American' rule, 'attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception.'" *Cumulus Broadcasting v. Okesson,* No.3:10cv314 (JCH), 2012 WL 3822019, at *[] (D. Conn. Sept. 3, 2012) (quoting *Ames v. Comm'r of Motor Vehicles,* 267 Conn. 524, 532 (2004)).   Under Connecticut law "[a] successful litigant is entitled to an award of attorney's fees if they are provided by contract." *Jones v. Ippoliti,* 52 Conn.App. 199, 209 (1999); *see also MP Drilling and Blasting, Inc. v. MLS Constr., LLC,* 93 Conn.App. 451, 457–58 (2006).  Defendant acknowledges that Connecticut follows the American Rule but asserts that its claim to fees is based on contract.  Defendant argues that the following provision in the Claim Agreement entitles it to attorney's fees and costs: "In any litigation or arbitration between the parties, the prevailing party shall be entitled to reasonable attorney's fees and all costs of proceeding incurred in enforcing this Agreement."  [Dkt. #59, Ex. D, Section IX(I)].

4

The parties dispute whether this provision entitles the Defendant to an award of reasonable attorney's fees in the context of this litigation.  The Plaintiff argues that the plain meaning of this provision does not entitle Defendant to fees because the Defendant did not seek to enforce the terms of the Claim Agreement in the litigation.  The Plaintiff contends that it was the only party seeking to enforce the terms of the Claim Agreement and that Defendant merely incurred costs and expenses in the successful defense of an action involving Plaintiff's attempt to enforce the terms of the Claim Agreement.   Defendant argues that its actions in defending the lawsuit amount to an enforcement of the Claim Agreement.  Defendant contends that in defending the action it sought to enforce it rights under the Claim Agreement to investigate and settle suits and therefore it is entitled to fees under the provision at issue.   Because the resolution of this issue turns on the interpretation of the fee shifting provision in the Claim Agreement, the Court must apply the rules of contract construction under Connecticut law.  See *Schultz v. Hartford Fire Ins. Co.,* 213 Conn. 696, 702, 569 A.2d 1131 (1990) ("An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy.").

"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact ... [w]here there is definitive contract language, the determination of what the parties intended by their contractual communications is a question of law .... subject to plenary review by

this court." *Schwartz v. Family Dental Group, P.C.*, 106 Conn.App. 765, 771 (2008) (internal quotation marks and citation omitted). "In giving meaning to the terms of a contract, the court should construe the agreement as a whole, and its relevant provisions are to be considered together.... The contract must be construed to give effect to the intent of the contracting parties.... This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained.... [I]ntent ... is to be ascertained by a fair and reasonable construction of the written words and ... the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." *Phillips v. Phillips*, 101 Conn.App. 65, 74 (2007) (internal quotation marks and citation omitted). "[Where] ... there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law.  When the language is clear and unambiguous, however, the contract is to be given effect according to its terms.... In such a case, no room exists for construction" *Schwartz*, 106 Conn.App. at 771 (internal quotation marks and citation omitted).

"Contract language is unambiguous when it has a definite and precise meaning about which there is no reasonable basis for a difference of opinion." *Paul Revere Life Ins. Co. v. Pastena,* 52 Conn.App. 318, 322, 725 A.2d 996, cert. denied, 248 Conn. 917, 734 A.2d 567 (1999), citing *Levine v. Advest, Inc.,* 244 Conn. 732, 746, 714 A.2d 649 (1998).  Further, "[w]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms.  A court will not torture words to import ambiguity where the ordinary

meaning leaves no room for ambiguity.... Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." *Tallmadge Bros., Inc. v. Iroquois Gas Transmissions Sys., L.P.*, 252 Conn. 479, 498 (2000) (internal quotation marks and citation omitted).   "When there is ambiguity, [the court] must construe contractual terms against the drafter." *Cameron v. Avonridge, Inc.,* 3 Conn.App. 230, 233 (1985) (Internal quotation marks and citation omitted).

Principally at issue is the meaning of the term "enforcing" in the fee shifting provision of the Claim Agreement.  Black's law dictionary defines "enforce" as to "1. give force or effect to (a law, etc.); to compel obedience to.  2. Loosely, to compel a person to pay damages for not complying with (a contract)." Black's Law Dictionary 608 (9th ed. 2009).  Enforcement is defined as the "act or process of compelling compliance with a law, mandate, command, decree or agreement."  *Id.*  Considering the common and ordinary meaning of these terms as applied to the subject matter of the Claim Agreement, the Court does not find that the language has a definite and precise meaning.   On the contrary, there is a reasonable basis for a difference of opinion in light of the common, natural, and ordinary meaning and usage of the term "enforcing" in the provision at issue as reflected by the parties' disagreement.   The term "enforcing" could easily be interpreted to mean that the prevailing party is only entitled to fees and costs where the party has affirmatively sued to compel compliance or obedience to the terms of the Agreement.  A plausible, but less compelling interpretation of the meaning of "enforcing" is that the party defending an action is enforcing the

contract.  Typically that meaning is expressed by language to the effect that the prevailing party is entitled to attorneys' fees.  In addition, the term prevailing party clearly expresses the intent that either the plaintiff or the defendant is entitled to attorneys' fees if they prevail.  As the language of the subject contract uses more limited language, the plain meaning of which favors the conclusion that the party initiating the lawsuit to compel compliance with its terms is entitled to attorneys' fees, the contract is ambiguous.

In light of this ambiguity, the Court must apply the general rule that ambiguous provisions should be construed against the drafter.  Because the Defendant drafted the Claim Agreement, the Court construes the fee shifting provision against Defendant to hold that the provision at issue does not entitle Defendant to recover attorney's fees and costs as Defendant did not bring a suit to compel compliance with the terms of the Claim Agreement but merely defended such a suit by the Plaintiff.   As the Court does not find a basis in contract to award Attorney's fees, the American Rule applies to bar recovery of attorney's fees and costs in the instant matter.

### Conclusion

Based upon the above reasoning, Defendant's [Dkt. #59] motion for attorney's fees and costs is DENIED.

IT IS SO ORDERED.
            /s/
_____
Hon. Vanessa L. Bryant

                                          **United States District Judge**

**Dated at Hartford, Connecticut: February 21, 2013**